# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID WILSON, | ) |
| Plaintiff, | ) Case: 5:23-cv-01563 |
| v. | ) |
| OPTIMUM WIRELESS, LLC, | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

Plaintiff, David Wilson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Optimum Wireless, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants sex-based discrimination under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Western District of Texas, pursuant to 28 U.S.C. §1391(b) insofar as Defendant resides in this judicial district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, David Wilson, resided in Greene County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Optimum Wireless, LLC, is a LLC doing at 302 East Dyer Street, Aurora, Missouri 65605, and whose principal place of business is 215 West Bandera Road, Suite 114-507, Boerne, TX 78006.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Store Manager from June 20, 2023, through July 15, 2023.

13. Since at least June 20, 2023, through July 15, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

14. Plaintiff is male and is a member of a protected class because of his sex whom Defendant subjected to different terms and conditions of employment than others not within his

protected class.

15. Plaintiff began experiencing harassment and discrimination on the basis of his sex from his very first day of training with Manager Kevin (Last Name Unknown).

16. Kevin denied Plaintiff the necessary training, access to store keys, safe combinations, and alarm codes.

17. Kevin also made it clear to Plaintiff that he did not hire the Plaintiff stating that he only hired women he could "sleep with."

18. On or about June 30, 2023, Plaintiff reported the inappropriate conduct to manager Odilia (Last Name Unknown), who failed to address Plaintiff's complaint.

19. Plaintiff then made a formal written complaint regarding Kevin's behavior via email; however, once again, no action was taken.

20. Shortly thereafter, Plaintiff's coworkers began showing Plaintiff text messages wherein Kevin was spreading lies about the Plaintiff in an attempt to have Plaintiff fired.

21. On or about July 15, 2023, Plaintiff reported Kevin's behavior to District Manager Jordan Thompson.

22. Plaintiff informed Jordan of Kevin's discriminatory conduct directed towards the Plaintiff and about Kevin's misogynistic behavior towards women.

23. After making the report, Plaintiff decided to step away from work for the day to allow Defendant to begin an investigation into Kevin's discriminatory behavior towards the Plaintiff.

24. Rather than begin an investigation, Plaintiff found that Defendant had revoked Plaintiff's access to work systems.

25. Plaintiff then reached out to the Defendant's CEO, President, and Human Resources to inform them of the situation.

26. Ultimately, Defendant failed to adequately respond to Plaintiff's concerns and complaints.

27. Shortly after Plaintiff reported his concerns, Defendant terminated his employment.

28. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

29. Plaintiff was unlawfully terminated because of his sex (male), on July 15, 2023.

30. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

31. Plaintiff reported the sex-based harassment to Defendant.

32. Plaintiff was targeted for termination because of his sex.

33. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

34. There is a basis for employer liability for the sex-based harassment that Plaintiff was subjected to because the employer knew or should have known of the harassment, but failed to take adequate measures to prevent such harassment, and failed to take adequate remedial action after Plaintiff notified Defendant of the harassment.

35. Defendant failed or refused to develop, implement and regularly communicate a sexual harassment policy.

36. Defendant failed or refused to provide training for managers and employees on sexual harassment.

37. Defendant failed or refused to ensure clear communication on how to report incidents of sexual harassment or conduct of a sexual nature.

38. Defendant's managers and supervisors failed or refused to monitor their work environments to ensure the workplace is free of sexual harassment.

39. Defendant had a duty to immediately respond to Plaintiff's complaint of sexual harassment but failed or refused to respond immediately

40. Plaintiff can show that he engaged in statutorily protected activity—a necessary component of his retaliation claim—because Plaintiff lodged complaints directly to his manager, HR, the CEO, and President.

### COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

41. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

43. Plaintiff met or exceeded performance expectations.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

46. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex.

47. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Harassment)

49. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

51. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's sex, male.

52. Defendant knew or should have known of the harassment.

53. The sex-based harassment was severe or pervasive.

54. The sex-based harassment was offensive subjectively and objectively.

55. The sex-based harassment was unwelcomed.

56. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

58. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

59. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

60. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex discrimination and/or sex-based harassment.

61. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

62. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex discrimination and/or harassment.

63. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

64. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

65. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the sex-based discrimination and/or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

66. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

67. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Compensatory and punitive damages;

e. Reasonable attorneys' fees and costs;

f. Award pre-judgment interest if applicable; and

g. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of December, 2023.

/s/ *Mohammed O. Badwan*
**MOHAMMED O. BADWAN, ESQ.**
Bar No.: 6299011
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*